UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUDY FEUSTEL, on behalf of herself
and others similarly situated,
        Plaintiff,

v.

CAREERSTAFF UNLIMITED, INC.,
        Defendant.

CASE NO.: 1:14-cv-264

Judge Michael R. Barrett

### OPINION AND ORDER

This matter is before the Court on Defendant CareerStaff Unlimited, Inc.'s ("Defendant") Motion to Dismiss Count II for Lack of Subject Matter Jurisdiction (Doc. 10), Plaintiff Judy Feustel's ("Plaintiff") memorandum in opposition (Doc. 13), Defendant's reply (Doc. 15), Plaintiff's notice of supplemental authority (Doc. 16), and Defendant's response to the notice of supplemental authority (Doc. 22). This matter is ripe for review.

**I.    BACKGROUND**

    **A.    Factual Allegations**

The following factual allegations are taken from Plaintiff's Complaint:

Plaintiff was hired by Defendant as an occupational therapist in or around September 2011. Pursuant to her contract of employment, her regular rate of pay was $53.00 per hour, but through June 2013, Defendant paid her a reduced rate of $20.40 per hour and would provide her non-taxable reimbursements for various expenses that she did not actually incur. She was paid overtime at one and one-half times the reduced rate, and Defendant did not include the value of the reimbursements in the calculation of overtime pay. Defendant also failed to pay Plaintiff the contractually-mandated reimbursements due under her employment contract between September 2011 and June 14, 2013.

1

On June 14, 2013, Plaintiff signed a second employment contract with Defendant under which she was to be paid $53.00 per hour on a weekly basis with an overtime rate of $79.50. Defendant paid Plaintiff in accordance with her employment second contract.

In September 2013, Plaintiff complained to her Regional Manager about the omitted contractually-mandated reimbursements and the failure to pay the correct overtime wages from September 2011 to June 14, 2013. Plaintiff was informed by her Regional Manager that she would not receive that pay. Subsequently, Plaintiff was informed by the local staffing manager that she was not looking for new assignments for Plaintiff due to "pay issues," and Defendant thereafter solicited applicants for assignments for which Plaintiff was qualified.

### B. Procedural Overview

On March 28, 2014, Plaintiff filed her Complaint against Defendant, asserting three claims for relief. Her first claim (Count I) is for retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3). Her second claim (Count II) is for failure to pay overtime wages at the proper rate in violation of the FLSA, 29 U.S.C. § 207(a). She purports to bring her second claim as a collective action. Her third claim (Count III) is for breach of contract based upon the failure to pay Plaintiff in accordance with the terms of her contract between September 2011 and June 2013. In her request for relief, she seeks: (1) an award of back pay in the amount Plaintiff would have earned from the date of her termination until the date of judgment, with prejudgment interest; (2) an order that Plaintiff be reinstated to her position, or if reinstatement is not practical, an award of front pay from the date of judgment; (3) an award of liquidated damages in an amount equal to her back pay; (4) certification of a collective action with respect to Count II; (5) an award of unpaid overtime compensation, with prejudgment interest; (6) an award of liquidated damages equal to the amount of unpaid overtime

compensation and interest; and (7) an award of attorney fees, costs, and all other relief to which she and other similarly situated individuals are entitled.

On May 30, 2014, Defendant served an Offer of Judgment pursuant to Fed. R. Civ. P. 68 relating to Plaintiff's individual FLSA claim. As set forth in the accompanying letter, the Rule 68 offer included:

> (i) the aggregate amount of $25,000.00, which includes payment for all back wages she claims due (which are recoverable) under the FLSA; (ii) an equal amount in liquidated damages; and (iii) such reasonable attorneys' fees, costs and expenses to which the Court may determine Ms. Feustel is entitled by virtue of being a prevailing party on Count II (assuming she accepts). *See* Fed. R. Civ. P. 54(d).

(Doc. 10-2, PageId 53). Defendant's further asserted that "this Offer actually exceeds any sum that Ms. Feustel could possibly recover under Section 207 of the FLSA if she prevailed on the issue of liability, and is based on several significant assumptions in her favor." (Id.). Defendant attached pay records for the relevant timeframe and further set forth its methodology for calculating damages owed. (Id., PageId 54).

## II. THE PARTIES' ARGUMENTS

### A. Defendant's Motion

Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's FLSA overtime claim in Count II of the Complaint. It contends that Count II no longer articulates a case or controversy because Defendant made an offer of judgment under Rule 68, offering to pay the full amount of Plaintiff's potential recovery such that she has lost a legally cognizable interest in the outcome of the litigation. In support of its argument, Defendant sets forth the methodology used to calculate the offer, making at least the following assumptions in Plaintiff's favor: (1) the FLSA's three-year statute of limitations for willful violations applies; (2) Plaintiff should have been paid at a regular rate of $53.00 per hour, as alleged in her Complaint; (3)

3

Defendant's payments to Plaintiff that were not categorized as regular or overtime wage payments did not reduce the amount of damages owed; and (4) Plaintiff was entitled to the full amount of liquidated damages contemplated by the FLSA. Defendant also attaches what it purports to be Plaintiff's time records for the relevant period.[1] Defendant argues that the Sixth Circuit's decision in *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 574 (6th Cir. 2009), is controlling in this case, and that under *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013), the existence of collective action allegations does not save her claim from dismissal.

### B. Plaintiff's Response

Plaintiff points out that although it is Defendant's burden to prove that subsequent events divested the Court on subject matter jurisdiction, it has not done so. She argues that *Genesis*, 133 S. Ct. 1523, did not resolve the question as to whether the claim of a named plaintiff in a collective action under the FLSA is rendered moot by an offer of judgment that offers complete relief. She directs the Court to the *Genesis* dissent wherein Justice Kagan, writing for four justices, plainly determined that Rule 68 offers of judgment cannot moot an individual plaintiff's claim. According to Plaintiff, the dissent got it right.

Plaintiff further argues that in the Sixth Circuit, an offer of judgment cannot render a collective action moot after the named plaintiff has moved for conditional class certification. She argues that Defendant's reliance on *O'Brien,* 575 F.3d 567, is misplaced because it involved an unaccepted offer of judgment on an individual claim unconstrained by collective action allegations.

---

[1] Defendant attaches the letter explaining the offer of judgment, the formalized offer of judgment, and the time records it relied upon. (Doc. 10-2). Nowhere, however, does Defendant represent by affidavit or otherwise that the time records represent all of the available documentation concerning the hours worked by or the pay provided to Plaintiff during the relevant time period.

Alternatively, Plaintiff argues that even if a Rule 68 offer could moot her claim, it did not do so here for several reasons.  First, she contends that Rule 68 does not permit offers of judgment for fewer than all claims in an action, and Defendant has not offered to satisfy all of her claims.  Second, she asserts, relying on *Silvia v. Tegrity Personnel Services, Inc.*, 986 F. Supp. 2d 826 (S.D. Tex. 2013) and *Hrivnak v. NCO Portfolio Management, Inc.*, 719 F.3d 564, 568 (6th Cir. 2013), that Defendant's Rule 68 offer of judgment fails to offer her complete relief because it does not offer relief for her retaliation claim.  Third, she claims that Defendant failed to provide complete relief on her individual FLSA claim for unpaid overtime compensation because (a) it did not include all hours she worked in excess of 40 hours in a given work week, (b) it did not meet her on her terms but rather provided a unilateral offer based on its own calculations, (c) it did not provide for the possibility of an incentive award, and (d) it did not include the prejudgment interest Plaintiff requested in the case.

### C.  Defendant's Reply

Defendant replies that none of Plaintiff's challenges are sufficient to overcome a finding of mootness based upon its Rule 68 offer of judgment.  First, it asserts that Plaintiff erroneously relies upon the *Genesis* dissent and this Court is bound by the Sixth Circuit's decision in *O'Brien* that an unaccepted Rule 68 offer of judgment can moot an individual claim.  Second, Defendant contends that Plaintiff's subsequent filing of a motion for conditional certification cannot revive her otherwise moot claim, pointing out that the Supreme Court plainly distinguished collective actions and class actions in *Genesis*.  Third, Defendant reiterates that its Rule 68 offer of judgment offers complete relief because (a) a single count of a multi-count complaint may be found moot, (b) the offer compensates her for all possible amounts she could recover and Defendant can provide additional records, if necessary, to allow Plaintiff to calculate her

5

damages, (c) Plaintiff's entitlement to an incentive award and/or prejudgment interest does not create a case or controversy, and (d) public policy does not authorize the Court to exercise judicial power over Count II when there is no case or controversy.

### III. LEGAL STANDARD

Courts have recognized that subject matter jurisdiction is a threshold matter in a case that determines whether a plaintiff can proceed with their claims in a specific court. *American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101(1998)). Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "The Sixth Circuit has distinguished between facial and factual attacks among motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)." *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 592 (S.D. Ohio 2002). Here, Defendant brings a factual attack. A factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Therefore, this Court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). The Court may allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts.

### IV. ANALYSIS

Defendant contends that Plaintiff's FLSA claim in Count II must be dismissed as moot because it has made an offer of judgment for complete relief under Fed. R. Civ. P. 68.

Article III, § 2 of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies," which restricts the authority of federal courts to resolving "the legal rights of litigants in actual controversies."  *Genesis Healthcare Corp. v. Symcyk*, 133 S. Ct. 1523, 1528 (2013).  To invoke the jurisdiction of a federal court, a plaintiff must demonstrate that he or she possesses a legally cognizable interest, or a "personal stake" in the outcome of the action.  *Id.*  When an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the action during the litigation, the action must be dismissed as moot.  *Id.*

Rule 68 does not discuss when or if a claim can become moot by an offer of judgment.  It provides:

> (a) Making an Offer; Judgment on an Accepted Offer.  At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.  If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment.
>
> (b) Unaccepted Offer.  An unaccepted offer is considered withdrawn, but it does not preclude a later offer.  Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
>
> . . . .
>
> (d) Paying Costs After an Unaccepted Offer.  If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Rule 68 thus merely shifts the later-incurred costs to the plaintiff when the judgment he or she ultimately received is not more favorable than unaccepted offer.

In *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 572-75 (6th Cir. 2009), however, the Sixth Circuit weighed in on whether an unaccepted Rule 68 offer could render an individual FLSA claim moot.  *O'Brien* involved two related cases in which former employees of two McDonald's franchises alleged that their employer refused to pay the employees the wages

7

they were due in violation of the FLSA, the corresponding Ohio state, and other Ohio law regarding liquidated damages. 575 F.3d at 572-73. The Sixth Circuit affirmed the district court's entry of judgment pursuant to a Rule 68 offer of judgment on two of the claims, finding that the plaintiffs no longer had a stake in the claims because they "achieved all the relief that they could hope to get on their most important claims." *Id.* It therefore determined that judgment should be entered in favor of the plaintiff in accordance with the Rule 68 offer of judgment. *Id.* at 575. In so holding, the Sixth Circuit did not purport to address whether the result would have been different if the plaintiff had proposed a collective action. *Id.*

The Supreme Court's decision in *Genesis*, 133 S. Ct. 1523, left the *O'Brien* decision largely intact. *Genesis* involved a FLSA case brought by an employee on behalf of all others similarly situated in which the employee alleged that the employer violated the FLSA by automatically deducting thirty minutes of time worked per shift for meal breaks even when the employees performed compensable work during that time. *Id.* at 1527. The employee sought statutory damages for the alleged violations. *Id.* When the employer answered, it also served the employee with a Rule 68 offer of judgment for unpaid wages in addition to reasonable attorneys' fees, costs, and expenses as determined by the court. *Id.* When the employee failed to respond, the employer filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the employee no longer possessed a stake in the outcome of the suit because she had been offered complete relief on her individual damages claim. *Id.* The Supreme Court declined to address the issue of whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot, and instead, assumed, without deciding, that the employer's Rule 68 offer mooted the employee's individual claim. *Id.* at 1528-29. Rather, it focused the discussion on whether the employee's collective action could proceed once her individual claim was moot. *Id.*

at 1529. It determined that once her claim became moot, the collective action could not proceed when no other individual has opted in and a motion for conditional certification could not have related back. *Id.* at 1529-30. With respect to the concept of employers "picking off" named plaintiffs before the collective-action process has run its course, the Supreme Court rejected the arguments of the employee and determined that the *Genesis* employee failed to assert any continuing economic interest in the collective-action litigation because she had conceded that the offer provided complete relief on her individual claims. *Id.* at 1530-32. It further distinguished caselaw in which a continuing viable economic interest existed, noting that it was "tethered to the unique significance of certification decisions in class-action, rather than collective-action, proceedings. *Id.* at 1532.

Writing for four justices, Justice Kagan made clear that the dissenters would not have held that an individual's claim could become moot by a Rule 68 offer of judgment where the case is pled as a collective action. *Id.* at 1532-37 (Kagan, J., dissenting). She also expressed disagreement with the approach taken by the Sixth Circuit in *O'Brien* as impermissible and inconsistent with Rule 68. *Id.* at 1535-36.

Given that the dissent is non-binding, however, *Genesis* left the determination as to whether and when a Rule 68 offer of judgment can moot an individual's claim in a proposed FLSA collective action in the hands of the individual circuits. Consequently, the Court is bound by the Sixth Circuit precedent in *O'Brien* that a claim may become moot by an unaccepted Rule 68 offer of judgment.

The question here is whether Defendant's unaccepted Rule 68 offer of judgment is sufficient to moot Plaintiff's claim in this instance.

**A. Conditional Certification Motion has been Filed**

9

Plaintiff argues that because it has filed a timely conditional certification motion, albeit after the Rule 68 offer of judgment was made, that she should have the opportunity to proceed with certification.  In essence, Plaintiff argues that her conditional certification motion should relate back to the time of filing of the Complaint.

While the Sixth Circuit indicated in *O'Brien* that an unaccepted offer of judgment may moot an individual FLSA claim, it did not expressly determine whether that remained true in a proposed collective action.  It suggested though that it was relying on the Fifth Circuit's decision in *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 922 (5th Cir. 2008), where the court held that a Rule 68 offer of judgment cannot moot a lead plaintiff's FLSA claim when the lead plaintiff timely moves for collective certification because the motion relates back to the lead plaintiff's filing of the complaint.  *O'Brien*, 575 F.3d at 575.  Following *Genesis*, however, that rationale appears to be abrogated.  *See Silvia v. Tegrity Personnel Servs., Inc.*, 986 F. Supp. 2d 826, 834 (S.D. Tex. 2013) ("[W]hereas *Sandoz* offered a life raft in the form of the relation-back doctrine to plaintiffs whose personal FLSA claims were mooted by Rule 68 offers, [*Genesis*] effectively overruled that half of *Sandoz*."); *see also Genesis*, 133 S. Ct. at 1529, 1530-31 (rejecting employee's relation-back arguments, and stating "[w]hile the FLSA authorizes an aggrieved employee to bring an action on behalf of himself and other employees similarly situated, 29 U.S.C. § 216(b), the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied.").  As the Sixth Circuit has not suggested any other basis upon which the filing of a conditional certification motion may itself preclude a Rule 68 offer of judgment from rendering an individual FLSA claim moot in the

10

context of a proposed collective action, the Court cannot find that the filing of the motion will preclude entry of judgment in favor of Plaintiff in accordance with the Rule 68 offer.[2]

### B. Offer of Judgment Made on Less than All of Plaintiff's Individual Claims

The parties dispute whether a defendant can moot an individual FLSA claim in the context of a proposed collective action by making a Rule 68 offer of judgment on only the FLSA claim and not on any of the other individual claims in the Complaint.

According to *O'Brien*, Article III and Rule 68 can intersect. Defendants correctly point out that each claim must satisfy Article III's requirements in its own right to allow the courts to properly adjudicate cases and controversies. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006). It thus is possible for one claim to become moot while other claims proceed to trial. *Id.*

While Rule 68 is focused on encouraging parties to settle and avoid litigation, *Marek v. Chesny*, 473 U.S. 1, 5 (1985), it does not expressly preclude a party from satisfying completely a single claim of a plaintiff even in the context of a multi-count complaint so as to render that single claim moot. Indeed, in *O'Brien*, the panel affirmed the district court's entry of judgment pursuant to a Rule 68 offer of judgment on two of the three individual claims asserted by the plaintiff, finding that the plaintiffs no longer had a stake in the claims because they "achieved all the relief that they could hope to get on their most important claims." 575 F.3d at 572-73. The only claim that remained standing was one for liquidated damages under Ohio law. *Id.* *O'Brien* suggests that a Rule 68 offer addressing fewer than all of a plaintiff's claims could moot those particular claims.[3]

---

[2] The additional cases cited by Plaintiff in support of her argument on this ground are distinguishable because they involve Rule 23 class actions rather than FLSA collective actions or they involve motions for certification filed before the Rule 68 offer of judgment.

[3] Although in *Hrivnak v. NCO Portfolio Management, Inc.*, 719 F.3d 564, 568 (6th Cir. 2013), the Sixth Circuit stated that "mootness occurs only when the offer is accepted or the defendant indeed offers to provide every form of individual relief the claimant seeks in the complaint[,]" that defendant sought to moot all of the plaintiff's

11

Accordingly, the fact that Defendant's Rule 68 offer of judgment is directed to less than all of Plaintiff's claims will not preclude a finding in this case that Count II is moot.[4]

### C. Offer of Judgment Does Not Include an Incentive Award or All of Plaintiff's Damage Requests

To moot a claim based upon a Rule 68 offer of judgment, the defendant must offer the plaintiff "*everything* he has asked for as an individual[,]" which means his "entire demand[.]" *Hrivnak v. NCO Portfolio Management, Inc.*, 719 F.3d 564, 567 (6th Cir. 2013). The circuit court recognized that "[a]n offer limited to the relief the *defendant* believes is appropriate does not suffice" and "[t]he question is whether the defendant is willing to meet the plaintiff on his terms." *Id.* "'A bad theory (whether of liability or of damages) does not undermine federal jurisdiction.'" *Id.* at 568.

Although Plaintiff argues that the Rule 68 offer does not include an incentive award, the Complaint does not include a demand for an incentive award. Further, an incentive award is not a component of her individual claims. It is instead a reward for being a representative of the class, and there is no indication at this time that any other individual has or will opt in to the class. As such, an incentive award goes beyond her individual claims as well as beyond the relief demanded in her Complaint, and cannot justify the conclusion that Plaintiff was offered less than full relief.

---

claims using a Rule 68 offer of judgment directed at only some of them. 719 F.3d at 568. As the defendants' Rule 68 offer "at most resolve[d] some, but not all, of [the plaintiff's] claims[,]" the Sixth Circuit declined to find that the unaccepted Rule 68 offer mooted the case. *Id.* at 565. The use of the broad language referring to the "complaint" and some, but not all, of the claims, is context-specific. As the present case does not present the same scenario as in *Hrivank*, the Court declines to apply here that specific language from *Hrivank*.

[4] In *Sylvia v. Tegrity Personnel Services, LLC*, 986 F. Supp. 2d 826, 839-40 (S.D. Tex. 2013), a case relied upon by Plaintiff, the district court appeared to be of the opinion that a defendant could not moot a FLSA claim by directing a Rule 68 offer of judgment to less than all of the claims asserted by the plaintiff in the complaint. The district court suggested that the plaintiff should have the opportunity to decide whether to resolve a single individual claim and her failure to do so should not render her FLSA claim moot when she continued to maintain an economic interest in pursuing the litigation due to other unresolved claims. *Id.*

Nonetheless, the reasoning in *Hrivnak* supports the conclusion that Defendant has not provided Plaintiff with all of the damages she requested in her Complaint for her individual FLSA claim. In the Complaint, Plaintiff requests prejudgment interest. Defendant does not offer to pay Plaintiff prejudgment interest. It contends that the argument is meritless since it has offered to provide liquidated damages. But in *Hrivank*, the Sixth Circuit instructed that the defendant must be willing to meet the plaintiff on her terms, and that an offer limited to the relief the *defendant* believes is appropriate does not suffice. 719 F.3d at 567. It also distinguished between the merits of a claim and the existence of a live controversy because the absence of a valid claim does not implicate subject matter jurisdiction. *Id.* Indeed, the Sixth Circuit indicated that even a request for relief that is not authorized under a statute may be enough to preclude a claim from being moot when that relief is not included in the Rule 68 offer of judgment. *Id.* at 569-70 ("The defendants may be right [that the requested relief is not authorized], but each argument goes to the *merits* of [the plaintiff's] claims, and the merits of those claims are not so insubstantial as to deprive the court of jurisdiction. . . . To rule on whether [the plaintiff] is entitled to a particular kind of relief is to decide the merits of the case. Neither Civil Rule 68 nor any other Rule or tradition requires the district court to do that in response to a motion to dismiss for lack of jurisdiction."). Consequently, whether Plaintiff's request for prejudgment interest is authorized under the FLSA goes to the merits of the case, and Defendant's failure to include that requested relief in its Rule 68 offer means that it has not met Plaintiff on her terms, precluding a finding that Defendant has offered complete relief to Plaintiff on her FLSA claim.

Moreover, Defendant's proposal is not responsive to Plaintiff's specific demand or damage calculation but instead is a unilateral proposal of what it believes complete relief must look like for Plaintiff on her individual FLSA claim. While the Court recognizes that Defendant

13

makes assumptions favorable to Plaintiff in rendering its calculation, the methodology used for identifying the requisite time records and determining the number of overtime hours Plaintiff worked is Defendant's alone.  That is not meeting Plaintiff on her terms but instead is telling Plaintiff what she should demand as complete relief.  That is insufficient.  Plaintiff should have the opportunity to conduct discovery to obtain any additional underlying documentation that is necessary to understand and compute the full scope of her claims.  Defendant then may utilize discovery procedures to obtain the amount Plaintiff believes will satisfy her entire demand in her FLSA claim and make a new Rule 68 offer in response, if it so chooses.

Accordingly, Plaintiff's FLSA claim currently is not rendered moot by the Rule 68 offer of judgment made by Defendants.

## V.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Count II for Lack of Subject Matter Jurisdiction (Doc. 10) is **DENIED**.

**IT IS SO ORDERED**.

s/Michael R. Barrett
MICHAEL R. BARRETT, JUDGE
UNITED STATES DISTRICT COURT